UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS BRENNAN,

        Petitioner,

v.                                                   Case Number: 09-CV-10094
                                                   Honorable Paul D. Borman

CARMEN D. PALMER,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S
## MOTION FOR APPOINTMENT OF COUNSEL

    Before the Court is Petitioner Thomas Brennan's "Motion for Appointment of Counsel." (Dkt. # 2.) On January 9, 2009, Petitioner filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights. He was convicted by a St. Clair County, Michigan, Circuit Court jury of first-degree criminal sexual conduct, in violation of MICH. COMP. LAWS §750.520(b)(1)(a), and was sentenced to eleven-years-three-months- to thirty-years imprisonment. In his habeas pleadings, Petitioner alleges insufficient evidence, prosecutorial misconduct, incorrectly scored sentencing guidelines, violations of his right to confrontation, cumulative errors, and ineffective assistance of counsel. In the present motion, Petitioner is requesting that the Court appoint him an attorney because the issues in his case are complex and substantial. For the reasons stated, the Court denies Petitioner's motion.

There exists no constitutional right to the appointment of counsel in civil cases, and the Court has broad discretion in determining whether counsel should be appointed. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court.  It is a privilege and not a right.") (internal quotation omitted).  A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B).

The Court determines that the interests of justice do not require appointment of counsel at this time.  The Court will reconsider Petitioner's request if, following a review of the pleadings and the necessary Rule 5 materials, the Court determines that appointment of counsel is necessary.  Petitioner need not file additional motions on this issue.

Accordingly, **IT IS ORDERED** that Petitioner's "Motion for Appointment of Counsel" [Dkt. # 2] is **DENIED WITHOUT PREJUDICE**.


S/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated:  March 30, 2009

2

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on March 30, 2009.

S/Denise Goodine
Case Manager